IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LAST CALL GUARANTOR, LLC, *et al.*,[1] | ) Case No. 16-11844 (KG) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 139 |

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER SHORTENING NOTICE OF THE MOTION OF THE DEBTORS' FOR ENTRY OF ORDERS (I)(A) APPROVING BID PROCEDURES RELATING TO THE SALE OF ALL OR SUBSTANTIALLY ALL OF THEIR ASSETS, (B) ESTABLISHING PROCEDURES IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING NOTICE PROCEDURES, AND (D) GRANTING RELATED RELIEF; AND (II) (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND <u>(C) GRANTING RELATED RELIEF</u>**

The Official Committee of Unsecured Creditors (the "Committee") hereby objects to the Motion to Shorten [Docket No. 139] (the "Motion to Shorten") filed by Last Call Guarantor, LLC *et al.*, the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), to shorten time for the hearing on the *Motion of Debtors for Entry of Orders (I)(A) Approving Bid Procedures Relating to the Sale of All or Substantially All of Their Assets, (B) Establishing Procedures in Connection With the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) Approving Notice Procedures, and (D)*

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Last Call Guarantor, LLC, Last Call Holding Co. I, Inc. (3962), Last Call Holding Co. II, Inc. (8727), Last Call Operating Co I., Inc. (3541), Last Call Operating Co II., Inc. (8272), F&H Restaurants IP, Inc. (0107), Champps Restaurants IP, Inc. (3776), KS Last Call Inc. (1480), and MD Last Call Inc. (9190). The Debtors' business address is 19111 Dallas Pkwy, Unit 370, Dallas, TX 75287.

*Granting Related Relief; and (II)(A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief* [Docket No. 88] (the "Bidding Procedures Motion").

## Objection

1. To seek a hearing on the Bidding Procedures Motion one business day after filing the motion strains the boundaries of shortened notice and due process for all interested parties. The Debtors have presented no exigent reasons for shortened notice other than the proposed DIP Lender's timeline that requires entry of a sale order no later than September 23, 2016. The proposed DIP Lender's sale milestones are insufficient reason to justify such a gross deviation from shortened notice typically sought and granted in this Court, let alone normal notice requirements.

2. As the Debtors note in their Bidding Procedures Motion, the Committee was formed only one week ago on August 23, 2016, four business days before the Debtors filed the Bidding Procedures Motion and Motion to Shorten. As is clear from the lack of any mention of the Committee in the Bidding Procedures Motion other than of its formation, the Committee was not consulted about the substantive bidding procedures (process, milestones, etc.) prior to the filing of the Bidding Procedures Motion or the Motion to Shorten. That being said, the Committee, as it has done since its appointment, and cognizant of the challenges encountered by the Debtors at the beginning of these cases regarding the use of cash collateral, remains committed to a path forward on a consensual basis. To that end, the Committee suggested and scheduled a meeting with the Debtors and their professionals, along with representatives of the proposed DIP Lender, for September 7, 2016. But until that meeting occurs, the Committee

lacks sufficient information that would provide it with any comfort that a motion of this magnitude (e.g., extremely compressed sale milestones) should be set on an expedited basis of less than two business days' notice, let alone granted.

3. Even if the Motion to Shorten is granted scheduling the Bidding Procedures Motion on ten days notice, it would be considered extremely expedited in this jurisdiction. Indeed, SSG, the Debtors investment banker, can continue its marketing process that it began in July and seek to find interested, competitive bidders. Moreover, the Debtors' vendors, landlords and customers would have sufficient time to review the proposed bidding procedures and, to the extent affected, provide comments. For example, such comments may provide: (i) that the Bidding Procedures should require that landlords are provided with notice via electronic mail if their location was included in a respective bid; and (ii) adequate assurance packages should also be provided by a set deadline. Allowing additional time is the appropriate way to maintain the confidence of vendors, landlords and customers as opposed to a fast-tracked sale process that does not even permit a minimal amount of time to review proposed bidding procedures and consult with counsel.

4. The Committee also seeks to alleviate concerns that this will be a sale process run solely for the benefit of the proposed DIP Lender, which purchased the first lien debt approximately one week ago at a substantial discount. That the Debtors, at the behest of the proposed DIP Lender, are pushing for such an abbreviated schedule raises the specter that it is meant to discourage potential bidders. Slowing the process would address this concern, will not change the proposed DIP Lender's credit bid rights and will ensure a process that maximizes value for these bankruptcy estates.

5.    For all of the foregoing reasons, the Committee respectfully requests that the Court deny the approval of the Motion to Shorten.

### RESERVATION OF RIGHTS

The Committee reserves all rights to further object to the Bidding Procedures Motion and the sale at the time that objections to the same are due.

Dated:  August 30, 2016

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
John W. Lucas (CA Bar No. 271038)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone: 302/652-4100
Facsimile:  302/652-4400

Proposed Counsel to the Official Committee of Unsecured Creditors