UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | . Chapter 11 |
| | . Case No. 16-11844(KG) |
| LAST CALL GUARANTOR, LLC, et al, | |
| | . Courtroom No. 3 |
| | . 824 Market Street |
| Debtors. | . Wilmington, Delaware 19801 |
| . . . . . . . . . . . . . . . . . . . . | . Thursday, September 8, 2016 |

TRANSCRIPT OF DEBTORS' MOTION FOR AN ORDER AUTHORIZING DEBTORS TO MAINTAIN, CONTINUE, AND RENEW THEIR SURETY BOND PROGRAM WITH INTERNATIONAL FIDELITY INSURANCE COMPANY
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtors: | Dennis A. Meloro, Esq.<br>GREENBERG TRAURIG, LLP<br>1007 North Orange Street<br>Suite 1200<br>Wilmington, Delaware 19801 |
| For the U.S. Trustee: | Hannah McCullom, Esq.<br>OFFICE OF THE U.S. TRUSTEE<br>844 North King STreet, Unit 35<br>Wilmington, Delaware 19801 |

(Appearances Continued)

| | |
|---|---|
| Audio Operator: | Electronically Recorded<br>by Ginger Mace, ECRO |
| Transcription Company: | Reliable<br>1007 N. Orange Street<br>Wilmington, Delaware 19801<br>(302)654-8080<br>Email: gmatthews@reliable-co.com |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

APPEARANCES: (Continued)

| | |
|---|---|
| For the Official Committee of Unsecured Creditors: | Colin R. Robinson, Esq.<br>PACHULSKI, STANG, ZIEHL & JONES, LLP<br>919 North Market Street, 17th Floor<br>Wilmington, Delaware 19801 |
| For International Fidelity Insurance Company: | Gary D. Bressler, Esq.<br>MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP<br>300 Delaware Avenue<br>Wilmington, Delaware 19801 |

INDEX

| | Page |
|---|---|
| PRESENTMENT/ARGUMENT | 5 |
| COURT DECISION | 10 |

(Proceedings commence at 2:29 p.m.)

(Call to order of the Court)

THE COURT: Good afternoon, everyone. Thank you. You may be seated.

Mr. Meloro, how are you?

MR. MELORO: Good afternoon, Your Honor. I'm doing well. Thank you.

THE COURT: Good.

MR. MELORO: For the record, Dennis Meloro from Greenberg Traurig, proposed counsel for the debtors.

Your Honor, I'd like to start with thanking you again for accommodating us on an expedited basis.

THE COURT: Of course. I understood the need for --

MR. MELORO: We --

THE COURT: -- for expedition.

MR. MELORO: We did our best to find a way around it, but could not come up with one --

THE COURT: Understood.

MR. MELORO: And we do appreciate it, so ...

THE COURT: Sure.

MR. MELORO: Today, of course, we have one item scheduled to go forward; it's the debtors' motion to maintain, continue, and renew their surety bond program with International Fidelity Insurance.

The company, Your Honor -- the background for this

motion is that the debtors are parties to an agreement with IFIC, and that's for the issuance of certain surety bonds that support the debtors' liquor licenses and certain obligations to third parties.

After our last hearing, we had some discussions with Mr. Bressler, who's counsel for IFIC, and the issue came up of when certain bonds were expiring, and we learned, I believe, that some of them have or -- and then some of them are imminently expiring; hence, the urgency for today. So it did catch us a bit by surprise.

THE COURT: You thought you had more time.

MR. MELORO: I don't -- I'm not -- candidly, I'm not sure it was anyone's radar screen, and the point. So we're doing the best that we can with the time, so ...

THE COURT: Yes.

MR. MELORO: So, in the course of this, the debtors, of course, need to file certain applications with the appropriate authorities for their liquor licenses and so forth.

So, today, Your Honor, we're requesting approval of an order that authorizes debtors to continue the surety bond program with IFIC; to maintain their bonds, to renew bonds, and continue the bond program in the ordinary course of business.

Your Honor, I don't know if you have questions on the background or on the details. We have conferred with the parties; with the lenders, with the United States Trustee, and

with the committee. I think we've answered their concerns; I don't think they had any formal concerns, just some background questions. And of course, the parties are here, and can raise any concerns or issues that I have not --

THE COURT: All right.

MR. MELORO: -- covered with them.

And for any technical questions that may be beyond my scope of knowledge, I, of course, would note that my colleague Ms. Mitchell is on the phone --

THE COURT: Yes.

MR. MELORO: -- just in case. She's been on since the -- on ground floor with this issue since the beginning, more so than I have. So just in case Your Honor had a question that I do --

THE COURT: How about the --

MR. MELORO: -- not know --

THE COURT: How about the funding, Mr. Meloro, of --

MR. MELORO: The funding, we posted $200,000, pursuant to the DIP, Your Honor, so there will be no additional draw. And any payments going forward, of course, would be subject to the budget and the DIP.

THE COURT: All right, all right. Does anyone else wish to be heard?

Mr. Bressler, good afternoon.

MR. BRESSLER: Good afternoon, Your Honor. Gary

Bressler for International Fidelity Insurance.

Your Honor, we have been continuing to work with the debtors in connection with the bond program, and worked with them throughout the weekend on the issues of the bond and the motion.

I do wish to bring one thing to your attention, just to correct the record, although it's not a major issue. In the motion, Bond 651832 is listed as having an address at 5316 Mount View Road, Antioch, Tennessee, and the location it actually pertains to is 819 E-x-o-c-e-t Drive, Cordova, Tennessee. And we had pointed that out yesterday, I think, to counsel to the debtors, and they confirmed that they're agree -- in agreement that the address I just read is the proper address -- is the proper address --

THE COURT: All right.

MR. BRESSLER: -- for that bond.

THE COURT: All right. I --

MR. BRESSLER: Other than that, we would support the motion, and ask Your Honor to enter the order.

THE COURT: All right. Well -- Mr. Robinson, speak now or forever hold your peace.

MR. ROBINSON: Good afternoon, Your Honor. Colin Robinson, Pachulski, Stang, Ziehl & Jones, on behalf of the committee.

As Mr. Meloro mentioned, the committee did have a

couple of informal comments -- I'm sorry -- informal questions, which the debtors answered, and counsel for IFIC also confirmed.

It was just about the extent to which there were any prepetition claims under the indemnity agreement that would kind of roll up into an admin claim; it's my understanding there are none, based on the knowledge available at this time to all properties, so that's satisfied the committee's question.

And then, in terms of, you know, the timing, the committee is on board with -- continuing to be on board with trying to move these cases forward as quickly as possible, so the expediency is understood. And we do not oppose the relief requested.

THE COURT: All right. Thank you.

MR. BRESSLER: Your Honor, what we did, as counsel, the one who would most know if there was a default, because we may not know about it right away, is we asked counsel to the debtors, and that's what we were informed, and that's what they put in the motion. And nothing has been brought to my attention differently from our client to date.

THE COURT: How about past due? For example, I note that there's one here that expired on April 22, 2015.

MR. BRESSLER: We had --

THE COURT: Is that right?

MR. BRESSLER: We had asked if there were any defaults -- we had asked counsel for the debtors whether there were any defaults concerning any prior bonds that have expired, and they checked, to my knowledge -- and Ms. Mitchell can confirm this -- they checked with their client, and the client indicated there weren't any.

THE COURT: It may be -- there are two dates; there's that April 22 date, and then there's a September 15 date. I'm not sure --

MS. MITCHELL: (Via Telephone) Your Honor?

THE COURT: Yes, Ms. Mitchell. Good afternoon.

MS. MITCHELL: Hi. Nancy Mitchell of Greenberg Traurig, on behalf of the debtor. Maybe I can help.

So, in the ordinary course of the debtors' business, the bonds expire, roll up, get renewed, amended, et cetera, sort of in the ordinary course. So we have a schedule of bonds that expired. And unfortunately (indiscernible) when the cases were filed, we didn't really have the chance for management to focus on the September bond, which is what created the emergency.

THE COURT: Yes.

MS. MITCHELL: But it is my understanding, based on my conversations with the client, that all of the underlying taxes and other obligations related to the bond have been paid current, so there would be no prepetition default by the

debtor.

We did have a few obligations that were prepetition obligations, taxes, that were in the original first-day relief, and that were -- have been paid through the DIP budget. So, at this point, we believe everything underlying all of the bonds is current, regardless of sort of what time frame the bonds expired, were renewed, et cetera.

THE COURT: All right. That's helpful. Thank you. Thank you, Ms. Mitchell.

Mr. Robinson, did you wish to be heard? I know you were rising?

MR. ROBINSON: No, Your Honor. That actually matches up exactly with --

THE COURT: All right.

MR. ROBINSON: And we're satisfied with the representation.

THE COURT: Very well. Thank you.

Well, I'm going to grant the relief requested. It's clear to me that these amounts are due on an emergency basis, and that it would be a default, were the debtor not to make payment. And it is clearly in the best interest of the debtors' estate that the payments be made. So I will approve them and enter the order.

MR. MELORO: Thank you, Your Honor.

I believe the order remains unchanged from the version

that we filed.

THE COURT: All right.

MR. MELORO: Excepting that it doesn't have a reference to the docket number of the motion in the caption, and --

THE COURT: I will put that -- I will put that in, Mr. Meloro, I see it right here, "Order Authorizing Debtor to Maintain, Continue, and Renew Their Surety Bond Program." That's fine. I will sign this, put in the docket number, and we will docket it today.

MR. MELORO: Thank you, Your Honor.

THE COURT: All right. Is there anything else that anyone wanted to bring to my attention?

(No verbal response)

THE COURT: All right, everyone. Well, thank you for coming, and for appearing on short notice. And with that, we will stand in recess.

COUNSEL: Thank you. Thank you, Your Honor. Thank you.

THE COURT: Good afternoon, Your Honor.

(Proceedings concluded at 2:38 p.m.)

*****

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

/s/ Coleen Rand                    September 9, 2016

Coleen Rand

Certified Court Transcriptionist

For Reliable