## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LAST CALL GUARANTOR, LLC, *et al.*,[1] | ) ) ) | Case No. 16-11844 (KG) |
| Debtors. | ) ) | Jointly Administered |
|  | ) ) | **Related to Docket Nos. 138 and 183** |

**LIMITED OBJECTION OF DW VALUE MASTER FUND LTD. TO THE MOTION OF THE DEBTORS FOR ENTRY OF ORDERS (I)(A) APPROVING BID PROCEDURES RELATING TO THE SALE OF ALL OR SUBSTANTIALLY ALL OF THEIR ASSETS, (B) ESTABLISHING PROCEDURES IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING NOTICE PROCEDURES, AND (E) GRANTING RELATED RELIEF; AND (II)(A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (C) GRANTING RELATED RELIEF**

DW Value Master Fund, Ltd. ("DW") by and through its undersigned counsel, hereby submits this limited objection[2] (the "Limited Objection") to certain aspects of the bid procedures portion of the relief sought in the *Motion of the Debtors For Entry of Orders (I)(A) Approving Bid Procedures Relating to the Sale of All or Substantially All of Their Assets, (B) Establishing Procedures in Connection With the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) Approving Notice*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Last Call Guarantor, LLC, Last Call Holding Co. I, Inc. (3962), Last Call Holding Co. II, Inc. (8727), Last Call Operating Co I., Inc. (3541), Last Call Operating Co II., Inc. (8272), F&H Restaurants IP, Inc. (0107), Champps Restaurants IP, Inc. (3776), KS Last Call Inc. (1480), and MD Last Call Inc. (9190). The Debtors' business address is 19111 Dallas Pkwy, Unit 370, Dallas, TX 75287.

[2] This Objection is in addition to the Initial DIP Objection (defined herein) filed by DW, which is incorporated by reference herein.

*Procedures, and (E) Granting Related Relief; and (II)(A) Authorizing the Sale Of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief* [Docket No. 139] (the "Sale Motion") filed by the above-captioned debtors and debtors-in-possession (the "Debtors") during the evening of August 29, 2016. In support of its Limited Objection, DW respectfully states as follows:

## PRELIMINARY STATEMENT

DW, as the beneficial holder of approximately $2.9 million of Term Loan A[3] under the Prepetition Senior Credit Agreement and the holder of the vast majority of the obligations under the Prepetition Junior Credit Agreement[4] as well as the holder of 100% of the equity in the Debtors, urges this Court to deny approval of certain aspects of the bid procedures relief in the Sale Motion because the bid procedures relating to credit bids should (a) be limited to credit bids permitted under section 363(k) of the Bankruptcy Code and in accordance with the Prepetition Senior Credit Agreement and other applicable loan documents and applicable law, and (b) not permit Fun Eats and Drinks LLC ("FEAD") to

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Sale Motion or the *Declaration of Roy Messing in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 19], as applicable.

[4] DW holds approximately $34 million of the approximately $36 million outstanding obligations under the Second Lien Credit Agreement. Among other reasons, DW has standing pursuant to section 5.g.(6)(A) of the Intercreditor Agreement which provides that the Second Lien Agent and each lender under the Second Lien Credit Agreement may assert "any objections that an unsecured creditor could assert". DW also asserts that it has standing as the beneficial holder and assignee of approximately $2.9 million of Term Loan A.

credit bid in violation the Prepetition Senior Credit Agreement and other applicable loan documents and applicable law.[5]

As currently constituted, the Bid Procedures (defined below) are inconsistent with the relief requested in the Sale Motion and could lead to FEAD (defined below) potentially using the Bid Procedures at an auction sale in violation of section 363(k) of the Bankruptcy Code, the Prepetition Senior Credit Agreement and other applicable loan documents and applicable law.  DW requested that the following clarification to be made with respect to the Bidding Procedures: **notwithstanding what the Bid Procedures attached as Exhibit 1 to the Bidding Procedures Order or the Bidding Procedures Order itself provide, any credit bids must be in accordance with section 363(k) of the Bankruptcy Code and in accordance with the Prepetition Senior Credit Agreement and other applicable loan documents and applicable law.**

Unfortunately, FEAD will not consent to such a clarification.  The reluctance of FEAD to consent certainly points to their likely view that the Bid Procedures can and may provide substantive relief well beyond what section 363(k) of the Bankruptcy Code and the

---

[5] DW has raised other credit bidding issues related in the Objection *of DW Value Master Fund to Motion of the Debtors for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Continue Use of Cash Collateral on an Emergency Basis Pending a Final Hearing, (II) Authorizing the Debtors to Incur Postpetition Debt on an Emergency Basis Pending a Final Hearing (III) Granting Adequate Protection and Authorizing the Debtors to Provide Security and Other Relief to Fun Eats and Drinks LLC, as Lender, (IV) Modifying the Automatic Stay,(V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 162] and the *Supplemental Objection of DW Value Master Fund, Ltd. to Motion of the Debtors for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Continue Use of Cash Collateral on an Emergency Basis Pending a Final Hearing, (II) Authorizing the Debtors to Incur Postpetition Debt on an Emergency Basis Pending a Final Hearing (III) Granting Adequate Protection and Authorizing the Debtors to Provide Security and Other Relief to Fun Eats and Drinks LLC, as Lender, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 235] and incorporates such objections by reference herein.

Prepetition Senior Credit Agreement and other applicable loan documents and applicable law may permit. This Court cannot and should not permit such a result.

## FACTUAL BACKGROUND

1. The Prepetition Senior Credit Agreement includes two tranches of debt, a senior priority term A loan in the original principal amount of approximately $8.9 million (the "Term Loan A") and a subordinate term B loan in the original principal amount of approximately $68.4 (the "Term Loan B").

2. As of the Petition Date, approximately $75.4 million was outstanding under the Prepetition Senior Credit Agreement, of which approximately $7.1 million was Term Loan A and $68.3 million was Term Loan B. Pursuant to the Prepetition Senior Credit Agreement, all holders share the same priority of the liens on Prepetition Senior Collateral and any payments or proceeds of any collateral are to be paid to the holders of Term Loan A before any payments are made on account of the Term Loan B.

3. In the late evening of August 29, 2016, the Debtors filed the Sale Motion and also filed *Motion of the Debtors For Entry of Orders (I)(A) Approving Bid Procedures Relating to the Sale of All or Substantially All of Their Assets, (B) Establishing Procedures in Connection With the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) Approving Notice Procedures, and (E) Granting Related Relief; and (II)(A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief* [Docket No. 139] (the "Motion to Shorten"), requesting a hearing (the "Hearing") at 10:00 a.m. on August 31, 2016.

PHIL1 5672595v.3

4.	At the Hearing, the Court recognized the extraordinarily expedited process, acknowledged the due process issues inherent in the Debtors' request for approval of the bid procedures portion of the Sale Motion, and reluctantly granted the Motion to Shorten and thereafter approved the relief on a conditional basis and subject to a further hearing to be conducted on September 14, 2016, which has been continued to September 19, 2016 at 2:45 p.m.

5.	On September 1, 2016, the Court entered the *Order (A) Approving Bid Procedures Relating to the Sale of All or Substantially All of the Assets of the Debtors, (B) Establishing Procedures in Connection With the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) Approving Notice Procedures, and (D) Granting Related Relief* [Docket No. 183] (the "Bidding Procedures Order").

## OBJECTION

**A.	The Credit Bidding Provisions Should be Stricken from the Bid Procedures.**

6.	First, the relief the Debtors sought in the Sale Motion regarding credit bidding is as follows:

> As part of the sale process, the DIP Lender, the First Lien Agent and Second Lien Agent may credit bid some or all of the debt due and owing under the DIP Credit Agreement, the First Lien Credit Agreement or the Second Lien Credit Agreement, as applicable, subject to any investigation rights established under any orders entered by this Court and subject to the terms of the applicable loan documents and law.

*See* Sale Motion at ¶ 14.  The Sale Motion further provided the required disclosures pursuant to Rule 6004-1(iv) of the Local Rules of Bankruptcy Practice and Procedure of

5

the United States Bankruptcy Court for the District of Delaware (the "Local Rules") as follows with respect to credit bids:

> The Debtors are not seeking to disallow or restrict any party's right to credit bid its allowed secured claims under section 363(k) of the Bankruptcy Code. The DIP Lender, First Lien Agent, First Lien Lenders, Second Lien Agent and Second Lien Lenders are permitted to credit bid to acquire the assets, subject to any investigation rights set forth in other orders of this Court, and in accordance with applicable [sic] loan documents and applicable law.

*See* Sale Motion at ¶ 23.

7. The Bidding Procedures Order is otherwise silent with respect to "credit bidding" at an auction, other than that the Bidding Procedures Order granted "the relief requested in the Motion as it relates to the Bid Procedures…" *See* Bidding Procedures Order at ¶ 1.

8. The Bid Procedures (the "Bid Procedures") attached as Exhibit 1 to the Bidding Procedures Order, however, go much further than, and are perhaps inconsistent with, the relief requested in the Sale Motion and the Local Rule 6004-1(iv) disclosures, which merely describe the requested relief as assuring that the procedures do not "disallow or restrict any party's right to credit bid its allowed secured claims under section 363(k) of the Bankruptcy Code" and permit a "credit bid to acquire the assets, subject to any investigation rights set forth in other orders of this Court, and in accordance with applicable [sic] loan documents and applicable law". The Bid Procedures provide as follows regarding credit bids:

> 5. Postpetition Lender and Senior Agent
>
> The Postpetition Lender and Prepetition Senior Agent (each as defined in the DIP Order) have previously executed a Non-

6

> Disclosure Agreement and provided evidence of financial wherewithal and ability to consummate the Sale. Therefore subject to the other requirements of Section 4 hereof (exclusive of the requirements of clause 4(vii)(ii), each of Postpetition Lender and Prepetition Senior Agent is a Qualified Bidder. In addition, in the case of a Qualified Bid by the Postpetition Lender, such portion of the Purchase Price related to the DIP Obligations may be satisfied by credit of the DIP Obligations against such portion of the Purchase Price, assumption of such DIP Obligations or other non-cash consideration acceptable to Postpetition Lender. **All or any portion of the First Lien Obligations may only be credit bid by Prepetition Senior Agent acting at the direction of the Required Lenders under the First Lien Credit Agreement, and Prepetition Senior Agent, acting at the direction of the Required Lenders, may otherwise accept non-cash consideration in satisfaction of First Lien Obligations as additional Purchase Price. Second Lien Obligations may only be credit bid by Second Lien Agent acting at the direction of the Required Lenders under the Second Lien Credit Agreement and may not include any credit bid of Second Lien Obligations unless the DIP Obligations and First Lien Obligations would otherwise be paid in full in cash upon the consummation of such Qualified Bid.**

*See* Bidding Procedures Order, Exhibit 1, p.6, ¶ 5 (emphasis supplied).

9. One of DW's concerns with the Bid Procedures (and its inconsistency with the Sale Motion) is that FEAD, as the purported agent under the Prepetition Senior Credit Agreement, may view the language highlighted above as permitting FEAD to credit bid solely the portion of the loans under the Prepetition Senior Credit Agreement held by FEAD (i.e., FEAD's portion of Term Loan A and Term Loan B) and not the portion of the loans under the Prepetition Senior Credit Agreement held by DW (i.e., DW's portion of Term Loan A). Such a result violates, among other provisions, the sharing of payments and collateral proceeds provisions of the Prepetition Senior Credit Agreement. *See* Prepetition Senior Credit Agreement at § 9.11. The Court should not permit such a

potential result and should insist on the clarification suggested by DW to avoid any "mischief" by FEAD in the credit bid process.

10. Furthermore, there is no need to refer to the Second Lien Credit Agreement and the relative rights of the parties in the Bid Procedures, other than setting forth the clarification DW suggests.

11. DW reached out to counsel for the Debtors to point out the potential inconsistency in the relief requested in the Sale Motion and the Local Rule 6004-1(iv) disclosure regarding credit bids and paragraph 5 of the Bid Procedures and requested the clarification that: **notwithstanding what the Bid Procedures or Bidding Procedures Order provides, any credit bids must be in accordance with section 363(k) of the Bankruptcy Code and in accordance with the Prepetition Senior Credit Agreement and other applicable loan documents and applicable law**.  Unfortunately, FEAD has refused to consent to such a clarification.

12. To the extent that FEAD is attempting in the Bidding Procedures Order and attached Bid Procedures to impose credit bidding rights that are not "in accordance with section 363(k) of the Bankruptcy Code and in accordance with the Prepetition Senior Credit Agreement and other applicable loan documents and applicable law" they should not be approved by this Court and the entire paragraph 5 of the Bid Procedures must be stricken.

## RESERVATION OF RIGHTS

13. DW reserves the right to raise additional objections at the time of the hearing on the bidding procedures portion of the relief sought in the Sale Motion.

## **CONCLUSION**

14. For all of these reasons, DW respectfully requests that this Court deny the the bidding procedures portion of the relief sought in the Sale Motion as set forth herein, and grant such other and further relief as this Court deems just and proper.

Dated: September 16, 2016  
Wilmington, Delaware

*/s/ Domenic E. Pacitti*  
**KLEHR HARRISON HARVEY BRANZBURG LLP**  
Domenic E. Pacitti, Esq. (DE Bar No. 3989)  
919 Market Street, Suite 1000  
Wilmington, Delaware 19801-3062  
Telephone: (302) 426-1189  
Facsimile: (302) 426-9193  
Email: dpacitti@klehr.com

-and-

Morton R. Branzburg, Esq. (admitted *pro hac vice*)  
**KLEHR HARRISON HARVEY BRANZBURG LLP**  
1835 Market Street, Suite 1400  
Philadelphia, Pennsylvania 19103  
Telephone: (215) 569-2700  
Facsimile: (215) 568-6603  
Email: mbranzburg@klehr.com

*Counsel for DW Value Master Fun, Ltd.*