# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAST CALL GUARANTOR, LLC., *et al.,* | ) | Case No. 16-11844 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### OBJECTION OF PACA CLAIMANTS TO THE
### SALE OF ALL OR SUBSTANTIALLY ALL OF DEBTORS' ASSETS
### FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER
### INTERESTS TO THE SUCCESSFUL BIDDER

COME NOW, Brothers Produce, Inc., Brothers Produce of Dallas, Inc., Charlie Sciara & Son Produce Co., Inc., Creation Gardens, Inc., Dixie Produce Co., Inc., Frontier Produce, Inc., Get Fresh Produce, Inc., J. Ambrogi Food Dist. Inc., LaGrasso Bros. Inc., Liberty Fruit Co., Inc., Piazza Produce, Inc., Potato Specialty Co.,  Premier Produce One, Inc. a/t/a Produce One, Inc., Produce Source Partners, Inc., QF&V, LLC a/t/a Quality Fruit & Vegetable, Sirna & Sons, Inc. a/t/a Sirna & Sons Produce, and Willie Itule Produce, Inc. (collectively, "PACA Claimants"), by and through undersigned counsel, and pursuant to the *Order (A) Approving Bid Procedures Relating to the Sale of All or Substantially all of the Assets of the Debtors, (B) Establishing Procedures in Connection with the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) Approving Notice Procedures, and (D) Granting Related Relief* [Docket No. 183], hereby object to the sale of all or substantially all of Debtors' assets free and clear of liens, claims, encumbrances, and other interests to the Successful Bidder, Fun Eats and Drinks, LLC ("FEAD").  For the reasons set forth in PACA Claimants *Objection to Motion of the Debtors' for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. 361, 362, 363, and 507, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) and Local Rule 4001-2, and (IV) Granting*

1

*Related Relief* [Docket No. 136], which is specifically incorporated by reference herein, PACA

Claimants object to the proposed sale of all or substantially all assets to FEAD, unless and until it

is established that funds in an amount sufficient to satisfy all timely asserted PACA/PASA claims

have been escrowed.    In support thereof, PACA Claimants submit the following points and

authorities:

        1.        PACA Claimants are all wholesale suppliers of produce to Debtors, licensed under

the PACA, who provided the requisite statutory notice of intent to preserve trust benefits on their

invoices to Debtors pursuant to 7 U.S.C. 499e(c)(4), and who remain unpaid for produce supplied

to Debtors, both pre-petition and post-petition.

        2.  Pursuant to an Order entered August 31, 2016, the Court established a bar date of

September 22, 2016, for the assertion of PACA Proofs of Claim [Docket No. 137].

        3.  Pursuant to the First Interim DIP Order entered August 31, 2016, the Debtors

established an escrow in the amount of $225,000.00, subject to a request for an increase,

exclusively to satisfy asserted and allowed PACA claims [Docket No. 169].

        4.  On September 9, 2016, Debtors filed the *Motion of the Debtors for Entry of an Order*

*Establishing Procedures Related to Statutory Trust Claims Asserted Against the Debtors Pursuant*

*to the Perishable Agricultural Commodities Act and Packers and Stockyards Act of 1921 and*

*Granting Related Relief* [Docket No. 232] (the "PACA Procedures Motion").    The proposed Order

Establishing PACA Procedures provides in pertinent part that no later than September 27, 2016,

Debtors would file a notice identifying the total number of PACA/PASA Claims filed and the total

amount of asserted PACA/PASA Claims, as well as providing procedures for payment of

undisputed claims and resolution of disputed claims.  *Id.*  No notice identifying the total number

and amount of PACA/PASA Claims has been filed yet by the Debtors. The hearing on the PACA

Procedures Motion is scheduled for September 29, 2016.

    5.  On September 19, 2016, PACA Claimants[1] timely filed an adversary proceeding styled

as *Brothers Produce, Inc., et al. v. Last Call Guarantor, LLC, et al., Adversary No. 16-51494-KG*,

including a motion for standing, challenging the priority of the security liens of Debtors' Pre-

Petition and Post-Petition Lenders to all of Debtors' assets.

    6.  On September 19, 2016, the Court entered the Final DIP Order [Docket No. 282],

which provided in pertinent part: "As a condition precedent to any sale of substantially all of the

Debtors' assets or other disposition of them that includes a credit bid, (a) sufficient funds must be

escrowed to satisfy asserted PACA/PASA claims; or (b) the holders of asserted PACA/PASA

claims must otherwise be adequately protected, as determined by the Court and in accordance with

applicable law."

    7.  On September 20, 2016, the DIP Lender, FEAD, was the Successful Bidder at auction

to acquire all of Debtors' assets via credit bid in the amount of $26,792,983.00 [Doc. 292].

    8.  On September 22, 2016, PACA Claimants timely filed PACA trust claims totaling

$127,793.45, with a reservation of rights to assert additional accrued interest and reasonable

attorneys' fees incurred. *See Epiq Claim Nos. 60023, 60024, 60025, 60026, 60027, 60028, 60029,*

*60030, 60031, 60032, 60033, 60035, 60037, 60038, 60039, 60040, and 60041.*

    9.  The total amount of asserted PACA Claims is unknown at this time, rendering the

sufficiency of the $225,000.00 PACA Escrow open to question and dispute. Similarly, it is

unknown whether the Court ordered condition precedent to any sale of Debtor's Assets by credit

---

[1] All PACA Claimants with the exception of Charlie Sciara & Son Produce, Inc. are plaintiffs to the PACA Challenge adversary proceeding.

bid that sufficient funds be escrowed to satisfy asserted PACA/PASA Claims or otherwise adequately protected, as determined by the Court, has been satisfied.

10.   Debtors, who admittedly are operating as dealers under the PACA, a federal statute co-equal with the Bankruptcy Code, are required under PACA to pay promptly for produce and to maintain sufficient assets in trust until full payment is made to all of their PACA trust beneficiaries, even in the event of the filing of bankruptcy. 49 Fed. Reg. at 45738; 7 U.S.C. § 499b(4).  Debtors are also required under PACA:

> "…to maintain trust assets in a manner that such assets are **freely available** to satisfy outstanding obligations to sellers of perishable agricultural commodities. Any act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of section 2 of the Act."

7   C.F.R. 46.46(d)(1) (emphasis supplied).

11.   The Third Circuit has recognized that liquidity of assets is an essential feature of the PACA trust and that the requirement for trust assets to be "freely available" means liquid assets must be available, with PACA trust beneficiaries not relegated to potentially recovering "hypothetically reachable" assets. *Botman International, B.V. v. International Produce Imports, Inc.,* 205 Fed. Appx. 937, 942 (3d Cir. 2002).

## CONCLUSION

For the foregoing reasons, PACA Claimants request that the sale of Debtors' assets to Fun Eats and Drinks, LLC not be approved by the Court unless and until the Court determines that the funds on deposit in the PACA Escrow are sufficient to satisfy all timely asserted PACA Claims.

September 26 2016.
Wilmington, Delaware

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ E.E. Allinson III*
Elihu E. Allinson III (No. 3476)
901 North Market Street, Suite 1300
Wilmington, DE  19801
Tel: (302) 428-8191
Fax: (302) 428-8195

and

Mary Jean Fassett, Esq. *(Pro Hac Vice)*
**McCarron & Diess**
4530 Wisconsin Avenue, N.W., Suite 301
Washington, DC 20016
Tel: (202) 364-0400
Fax: (202) 364-2731

*Attorneys for Brothers Produce, Inc., Brothers
Produce of Dallas, Inc., Charlie Sciara & Son
Produce, Inc., Creation Gardens, Inc., Dixie
Produce Co., Inc., Frontier Produce, Inc., Get
Fresh Produce, Inc., J. Ambrogi Food Distribution
Inc., LaGrasso Bros. Inc., Liberty Fruit Co., Inc.,
Piazza Produce, Inc., Potato Specialty Co., Premier
Produce One, Inc., Produce Source Partners, Inc.,
QF&V, LLC, Sirna & Sons, Inc., and Willie Itule
Produce, Inc.*

## CERTIFICATE OF SERVICE

I, Elihu E. Allinson III, hereby certify that on September 26, 2016, I caused one copy of the *Objection of PACA Claimants to the Sale of All or Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests to the Successful Bidder* to be served upon the parties listed below via U.S. Mail, First Class, postage pre-paid.

Dennis A. Meloro, Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801

Nancy A. Mitchell, Esq.
Matthew L. Hinker, Esq.
Greenberg Traurig LLP
The Metlife Building
200 Park Avenue, 38th Floor
New York, NY  10166

John D. Elrod, Esq.
Greenberg Traurig, LLP
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA  30305

Hannah McCollum, Esq.
Office of the United States Trustee
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067-4003

Sarah R. Borders, Esq.
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA  30309

Stephen M. Miller, Esq.
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899

Morton R. Branzburg, Esq.
Klehr Harrison Harvey Branzburg LLP
1835 Market Street
Philadelphia, PA  19103

Bradford J. Sandler, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE  19801

Bradford J. Sandler, Esq.
Steven W. Golden, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY  10017

*September 26, 2016*
Date

*/s/ E.E. Allinson III*
Elihu E. Allinson III