# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 16-11844 (KG) |
| LAST CALL GUARANTOR, LLC, et al.,[1] | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket No. 800** |
| | : | |
| | : | Obj. Deadline: August 15, 2017 at 4:00 p.m. (ET) |
| | : | Hearing Date: August 29, 2017 at 10:00 a.m. (ET) |

## LIMITED OBJECTION OF PREIT SERVICES, LLC, AS AGENT FOR PR PATRICK HENRY, LLC, TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.C.S. §§105(a), 305(a), 349, 363, 554, and 1112(b) AND FED. R. BANKR. P. 1017(a) AND 6007 (A) DISMISSING DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF

The limited objection of PREIT Services, LLC ("PREIT"), as agent for PR Patrick Henry, LLC ("PR Patrick Henry"), to the motion of the above-captioned debtors and debtors-in-possession (each, a "Debtor" and, collectively, the "Debtors) for an order pursuant to 11 U.S.C. §§105(a), 305(a), 349, 363, 554 and 1112(b) and Federal Rules of Bankruptcy Procedure 1017(a) and 6007 dismissing the Debtors' Chapter 11 cases and granting related relief (the "Dismissal Motion"), respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Last Call Guarantor, LLC, Last Call Holding Co. I, Inc. (3962), Last Call Holding Co. II, Inc. (8727), Last Call Operating Co. I, Inc. (3541), Last Call Operating Co. II, Inc. (8272), FHR IP, Inc. (0107), CR IP, Inc. (3776), KS Last Call, Inc. (1480), and MD Last Call, Inc. (9190). The Debtors' business address is 19111 Dallas Pkwy., Unit 370, Dallas, TX 75287.

PHIL1 6402991v.1

## BACKGROUND

1. On August 10, 2016 (the "Petition Date"), the debtors filed respective petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On September 29, 2016, this Court entered an order authorizing the Debtors to sell all or substantially all of their assets pursuant to §363(b) of the Bankruptcy Code.

3. Upon information and belief, the Debtors have failed to propose or confirm a plan of reorganization in these proceedings.

4. PREIT is the agent for PR Patrick Henry, which is the owner of the Patrick Henry Mall (the "Mall") located in Newport News, VA.

5. The Mall is a 'shopping center" within the meaning of §365(b)(3) of the Bankruptcy Code and <u>In re Joshua Slocum Ltd.</u>, 922 F. 2d 1081 (3d Cir. 1990).

6. Pursuant to a nonresidential real property lease (the "Lease") between one of the Debtors, as lessee, and PR Patrick Henry, as lessor, the Debtors leased certain retail premises in the Mall for the operation of a Bailey's Sports Grille restaurant.

7. Pursuant to an order of this Court entered on September 22, 2016, the Debtors were authorized to reject the Lease, effective as of August 31, 2016 (the "Rejection Date").

8. On October 17, 2016, PR Patrick Henry timely filed an amended proof of claim (the "Proof of Claim") for (a) pre-petition rent and related obligations arising under the lease during the period prior to the Petition Date, (b) rejection damages resulting from the rejection of the Lease, calculated in accordance with §502(b)(6) of the Bankruptcy Code, and (c) "stub rent' arising during the 21-day period between the Petition Date and the Rejection Date (the "Stub

2

Rent Claim". A copy of the Proof of Claim is annexed hereto and made a part hereof as Exhibit "A".

9. As reflected in the Proof of Claim, the Stub Rent Claim is $13,928.85, representing prorated charges for minimum rent, electric and energy management fees arising during the post-petition portion of August, 2016.

10. On July 25, 2017, the Debtors filed the Dismissal Motion [D.I. 800], which seeks an order dismissing these Chapter 11 cases, notwithstanding the Debtors' failure to propose or confirm a plan of reorganization.

11. For the reasons hereinafter set forth, PREIT and PR Patrick Henry respectfully request the entry of an order conditioning the relief sought in the Dismissal Motion on the Debtors' satisfaction of the Stub Rent Claim.

### THE RELIEF REQUESTED AND THE REASONS THEREFOR

12. In support of the Dismissal Motion, the Debtors allege, among other things, that all allowed administrative expense claims have been or will be paid in full. In this regard, the Dismissal Motion represents that "[a]ll known administrative expense claims, PACA/PASA claims, and 503(b)(9) claims have been paid in full, with the exception of the Professionals' fees and expenses and with the exception of certain administrative expenses that the Debtors expect to be paid prior to the hearing on the Motion through financing or other funding provided by [the purchaser of the Debtors' assets]". Dismissal Motion, ¶ 22].

13. This representation is untrue as it relates to the Stub Rent Claim.

14. Following the filing of the Dismissal Motion, counsel for PREIT contacted the Debtors' counsel to determine whether the Stub Rent Claim was in fact one which would be

3

satisfied on or before the hearing on the Dismissal Motion. The Debtors' counsel responded by stating that, to their knowledge, all landlords' stub rent claims had previously been paid.

15. Although PREIT's counsel confirmed that no such payment had been made with respect to the Stub Rent Claim, the Debtors' counsel has not responded to PREIT's payment request as of the date of this limited objection.

16. Neither the Debtors nor any other interested party have objected to the allowance of the Stub Rent Claim, which is accordingly deemed to be allowed administrative expense claim against the Debtors under §§501(a) and 503(b) of the Bankruptcy Code.

17. The Stub Rent Claim arises from the Debtors' obligations under the Lease with respect to rent and utility charges and relates to the post-petition, pre-rejection period from August 10 through August 31, 2016.

18. In this circuit, it is beyond dispute that stub rent claims are allowed administrative expense obligations under §503(b) of the Bankruptcy Code. In re Goody's Family Clothing, Inc., 610 F.3d 812 (3d Cir. 2010). As such, and consistent with the Debtors' own representations to this Court in the Dismissal Motion itself, the Stub Rent Claim should be fully satisfied as a condition to the relief sought therein.

## CONCLUSION

19. For the foregoing reasons, PREIT and PR Patrick Henry respectfully submit that the dismissal of the Debtors' Chapter 11 cases be conditioned in all respects upon the Debtors' prompt payment of the Stub Rent Claim.

WHEREFORE, PREIT Services, LLC, as agent for PR Patrick Henry, LLC, respectfully requests the entry of an order granting the foregoing relief, together with such other and further relief as is just and proper.

Dated: Wilmington, Delaware
August 14, 2017

**KLEHR HARRISON HARVEY BRANZBURG, LLP**

By: */s/ Richard M. Beck*
    Richard M. Beck (DE Bar No. 3370)
    919 Market Street, Suite 1000
    Wilmington, DE 19801-3662
    Telephone: (302) 426-1189
    Facsimile: (302) 42609193
    Email: rbeck@klehr.com

- and -

Jeffrey Kurtzman, Esquire
**KURTZMAN | STEADY, LLC**
401 S. 2nd Street, Suite 200
Philadelphia, PA  19147
Telephone:  (215) 839-1222
Email:  kurtzman@kurtzmansteady.com