## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LAST CALL GUARANTOR, LLC, *et al.*,[1] | Case No. 16-11844 (KG) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 800** |

**RESERVATION OF RIGHTS OF UNIFIED MERCHANT SERVICES REGARDING MOTION OF DEBTORS FOR ENTRY AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A), 349, 363, 554, AND 1112(B) AND FED. R. BANKR. P. 1017(A) AND 6007 (A) DISMISSING DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

Unified Merchant Services ("**UMS**"), by and through its undersigned counsel, files this reservation of rights (the "**Reservation of Rights**") in response to the *Motion of Debtors for Entry of an Order Pursuant to 11 U.S.C. § 105(a), 305(a), 349, 363, 544, and 1112(b) and Fed. R. Bankr. P. 1017(a) and 6007(a) (a) Dismissing Debtors' Chapter 11 Cases and (b) Granting Related Relief* [Docket No. 800] (the "**Motion**").[2] In support of this Reservation of Rights, UMS respectfully states as follows:

### Background

1.    On August 10, 2016 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Last Call Guarantor, LLC, Last Call Holding Co. I, Inc. (3962), Last Call Holding Co. II, Inc. (8727), Last Call Operating Co I., Inc. (3541), Last Call Operating Co II., Inc. (8272), FHR IP, Inc. (0107), CR IP, Inc. (3776), KS Last Call Inc. (1480), and MD Last Call Inc. (9190). The Debtors' business address is 19111 Dallas Pkwy, Unit 370, Dallas, TX 75287.

[2] Capitalized terms used but not otherwise defined in this Reservation of Rights shall have the meanings ascribed to them in the Motion.

59961911.3

2.      The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Prior to the Petition Date, the Debtors, Wells Fargo Bank, N.A. and UMS entered into the Merchant Services Bankcard Agreement dated October 22, 2007 (the "**Merchant Services Agreement**"), pursuant to which UMS agreed to be the servicer and processor for Visa and MasterCard purchases at the Debtors' locations. This relationship continued, and the Merchant Services Agreement remained in effect, through the majority of the Debtors' bankruptcy cases.

4.      On September 29, 2016, this Court entered the *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (II) Approving the Final Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (IV) Approving the Designation Rights and Procedures Related Thereto; and (V) Granting Related Reli*ef [Docket No. 397] (the "**Sale Order**"). The Sale Order approved the sale of substantially all of the Debtors' assets to Fun Eats and Drinks, LLC ("**FEAD**"), under an asset purchase agreement among the Debtors and FEAD (the "**Asset Purchase Agreement**").

5.      The sale closed on October 5, 2016 (the "**Closing Date**") [Docket No. 420].

6.      On the Closing Date, the Debtors and FEAD entered into a transition services agreement and master interim management agreement, under which FEAD managed the Debtors' businesses while, among other things, determining which leases and contracts it wanted to assume.

7. The Merchant Services Agreement remained in effect and the Debtors' continued to use UMS's services during the time in which FEAD managed the Debtors' businesses.

8. On March 9, 2017, the Court entered the *Order Authorizing the Debtors to Reject Certain Unexpired Leases and Executory Contracts Nunc Pro Tunc as of December 31, 2016* [Docket No. 632] (the "**Rejection Order**"), in which the Court approved the Debtors' rejection of the Merchant Services Agreement.

### Reservation of Rights

9. UMS requests that the Court find and conclude that the Motion or any order approving the Motion dismissing the Debtors' cases shall not constitute a waiver, dismissal, release of, any and all rights and remedies or defenses UMS may have against any party to the Merchant Services Agreement or any other agreement related to servicing, processing, investigation or remediation of the systems used for Visa and MasterCard transactions conducted at the Debtors' locations; and that the Court grant UMS such other and further relief to which it is entitled.

Dated: August 15, 2017
      Wilmington, Delaware

**POLSINELLI PC**

*/s/ Shanti M. Katona*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
cward@polsinelli.com
skatona@polsinelli.com

*Counsel for Unified Merchant Services*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing pleading was served upon all counsel of record via the United States Bankruptcy Court for the District of Delaware's ECF Document Filing System and upon the following attorneys via electronic mail on the 15th day of August, 2017:

Dennis A. Meloro
Greenberg Traurig, LLP
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile (302) 661-7360
melorod@gtlaw.com

Nancy A. Peterman
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
petermann@gtlaw.com

                    */s/ Shanti Katona*
                    Shanti M. Katona (DE Bar No. 5352)
                    Attorney for Defendants