UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAST CALL GUARANTOR, LLC, *et al.*,[1] | ) | Case No. 16-11844 (KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related to Docket No. 800 |
| | ) | |
| | ) | Objection Deadline: August 18, 2017 at 4 p.m. (EST)[2] |
| | ) | Hearing Date: August 29, 2017 at 10 a.m. (EST) |
| | ) | |

**LIMITED OBJECTION OF CBL & ASSOCIATES MANAGEMENT, INC.,
AS MANAGING AGENT FOR THE SHOPPES AT HAMILTON PLACE, LLC,
TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), 349, 363, 554, AND 1112(b) AND
FED. R. BANKR. P. 1017(a) AND 6007 (A) DISMISSING DEBTORS' CHAPTER 11
CASES AND (B) GRANTING RELATED RELIEF**

The limited objection of CBL & Associates Management, Inc. ("CBL"), as managing agent for the Shoppes at Hamilton Place, LLC ("Hamilton Place"), to the above-captioned debtors and debtors-in-possession (each, a "Debtor" and, collectively, the "Debtors") for an order pursuant to 11 U.S.C. §§ 105(a), 305(a), 349, 363, 554 and 1112(b) and the Federal Rules of Bankruptcy Procedure 1017(a) and 6007 dismissing the Debtors' Chapter 11 cases and granting related relief (the "Dismissal Motion"), respectfully represents as follows: CBL & Associates Management, Inc. ("CBL"), by and through counsel, and as managing agent for the owners of the properties identified herein, hereby files this cure claim objection (the "Objection") regarding the Debtors' cure proposed in its Notice of Assumption and Assignment

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Last Call Guarantor, LLC, Last Call Holding Co. I, Inc. (3962), Last Call Holding Co. II, Inc. (8727), Last Call Operating Co I., Inc. (3541), Last Call Operating Co II, Inc. (8272), F&H Restaurants IP, Inc. (0107), Champps Restaurants IP, Inc. (3776), KS Last Call Inc. (1480), and MD Last Call Inc. (9190). The Debtors' business address is 19111 Dallas Pkwy, Unit 370, Dallas, TX 75287.

[2] Counsel for Debtors agreed to extend CBL's objection deadline from the original deadline of August 15, 2017 to August 18, 2017.

1

of Unexpired Leases and Executory Contracts [Docket No. 608] ("Cure Notice"), and respectfully represents as follows:

## BACKGROUND

1. On August 10, 2016 (the "Petition Date"), the Debtors filed respective petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On September 29, 2016, this Court entered an order authorizing the Debtors to sell all or substantially all of their assets pursuant to §363(b) of the Bankruptcy Code.

3. Upon information and belief, the Debtors have failed to propose or confirm a plan of reorganization in these proceedings.

4. CBL is the managing agent for Hamilton Place, which is the owner of the Shoppes at Hamilton Place (the "Mall"), located in Chattanooga, TN.

5. The Mall is a "shopping center" within the meaning of §365(b)(3) of the Bankruptcy Code and In re Joshua Slocum Ltd., 922 F. 2d 1081 (3rd Cir. 1990).

6. Pursuant to a nonresidential real property lease (the "Lease") between one of the Debtors, as lessee, and Hamilton Place, as lessor, the Debtors leased certain retail premises in the Mall for the operation of a The Fox and Hound Pub & Grille.

7. Pursuant to an order of this Court entered on September 22, 2016, the Debtors were authorized to reject the Lease, effective as of August 31, 2016 (the "Rejection Date").

8. On December 1, 2016, Hamilton Place timely filed an proof of claim (the "Proof of Claim") for (a) pre-petition rent and related obligations arising under the lease during the period prior to the Petition Date, (d) rejection damages resulting from the rejection of the Lease, calculated in accordance with §502(b)(6) of the Bankruptcy Code, and (c) "stub rent" arising

CHD-710381-2

during the 21-day period between the Petition Date and the Rejection Date (the "Stub Rent Claim"). A copy of the Proof of Claim is annexed hereto and made a part hereof as **Exhibit "A"**.

9. As reflected in the Proof of Claim, the Stub Rent Claim is $9,747.63, representing prorated rent and charges arising during the post-petition portion of August, 2016.

10. On July 25, 2017, the Debtors filed the Dismissal Motion [D.I. 800], which seeks an order dismissing these Chapter 11 cases, notwithstanding the Debtors' failure to propose or confirm a plan of reorganization.

11. For the reasons hereinafter set forth, CBL and Hamilton Place respectfully request the entry of an order conditioning the relief sought in the Dismissal Motion on the Debtors' satisfaction of the Stub Rent Claim.

## THE RELIEF REQUESTS AND THE REASONS THEREFOR

12. In support of the Dismissal Motion, the Debtors allege, among other things, that all allowed administrative expense claims have been or will be paid in full. In this regard, the Dismissal Motion represents that "[a]ll known administrative expense claims, PACA/PASA claims, and 503(b)(9) claims have been paid in full, with the exception of the Professionals' fees and expenses and with the exception of certain administrative expenses that the Debtors expect to be paid prior to the hearing on the Motion through financing or other funding provided by [the purchaser of the Debtors' assets]." Dismissal Motion, ¶ 22.

13. This representation is untrue as it relates to the Stub Rent Claim.

14. Following the filing of the Dismissal Motion, counsel for CBL contacted the Debtors' counsel to determine whether the Stub Rent Claim was in fact one which would be satisfied on or before the hearing on the Dismissal Motion.

15. Although CBL's counsel confirmed that no such payment had been made with respect to the Stub Rent Claim, the Debtors' counsel has not responded to CBL's payment request as of the date of this limited objection.

16. Neither the Debtors nor any other interested party have objected to the allowance of the Stub Rent Claim, which is accordingly deemed to be an allowed administrative expense claim against the Debtors under §§ 501(a) and 503(b) of the Bankruptcy Code.

17. The Stub Rent Claim arises from the Debtors' obligations under the Lease with respect to rent and utility charges and relates to the post-petition, pre-rejection period from August 10, 2016 through August 31, 2016.

18. In this circuit, it is not disputed that stub rent claims are allowed administrative expense obligations under §503(b) of the Bankruptcy Code. In re Goody's Family Clothing, Inc., 610 F.3d 812 (3rd Cir. 2010). As such, and consistent with the Debtors' own representations to this Court in the Dismissal Motion itself, the Stub Rent Claim should be fully satisfied as a condition to the relief sought therein.

## CONCLUSION

19. For the foregoing reasons, CBL and Hamilton Place respectfully submit that the dismissal of the Debtors' Chapter 11 cases be conditioned in all respects upon the Debtors' prompt payment of the Stub Rent Claim.

WHEREFORE, CBL & Associates Management, Inc., as managing agent for the Shoppes at Hamilton Place, LLC, respectfully requests the entry of an order granting the foregoing relief, together with such other and further relief as is just and proper.

Dated: August 18, 2017
Wilmington, Delaware

Respectfully submitted,

HOGAN♦McDANIEL

/s/Garvan F. McDaniel
Garvan F. McDaniel (DE No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

*Attorneys for CBL & Associates Management, Inc.*