# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LAST CALL GUARANTOR, LLC, *et al.*,[1] | : | Case No. 16-11844 (KG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Hearing Date:** TBD |
| | : | **Objection Deadline:** TBD |

## LEVEL 3 COMMUNICATIONS, LLC'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

Level 3 Communications, LLC ("Level 3"), by and through its undersigned counsel, hereby moves this Court for entry of an order for allowance and immediate payment of its administrative expense claim under 11 U.S.C § 503(b)(1)(A), in the amount of $9,536.86 (the "Motion"). In support of this Motion, Level 3 respectfully states as follows:

### BACKGROUND

1. On August 10, 2016 (the "Petition Date"), Last Call Guarantor, LLC, et al. (collectively the "Debtors") filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code.

2. The Debtors are operating their businesses and maintaining their assets as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Last Call Guarantor, LLC, Last Call Holding Co. I, Inc. (3962), Last Call Holding Co. II, Inc. (8727), Last Call Operating Co I., Inc. (3541), Last Call Operating Co II., Inc. (8272), FHR IP, Inc. (0107), CR IP, Inc. (3776), KS Last Call Inc. (1480), and MD Last Call Inc. (9190). The Debtors' business address is 19111 Dallas Pkwy, Unit 370, Dallas, TX 75287.

{000 MOT A0481948.DOCX}

3.   Prior to the Petition Date, the Debtors and Level 3 were parties to several agreements for the provision of IP and data services (collectively the "Agreements").

4.   During the course of the administration of this estate, Level 3 extended credit to the Debtors by continuing to provide them with IP and data services. Level 3 invoiced these post-petition services in the ordinary course of business between the parties (the "Invoices"). True and correct copies of the Invoices are attached hereto as **Exhibit A** and incorporated herein by reference

5.   Level 3 is owed $9,536.86 on account of unpaid amounts due under the Invoices.

## RELIEF REQUESTED

6.   By this Motion, Level 3 requests entry of an order in the form attached hereto as **Exhibit B**, pursuant to 11 U.S.C. § 503(b)(1)(A), for allowance of and immediate payment to Level 3 of administrative expenses in the amount of $9,536.86, representing unpaid post-petition services provided.

## BASIS FOR RELIEF REQUESTED

7. Section 503(b)(1) of the Bankruptcy Code provides in relevant part:

> (b) After notice and hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> > (1)(A) the actual necessary costs and expenses of preserving the estate. . . .

8.   "[A]n administrative claim will be allowed [under Section 503(b)(1)] when the expense (1) arises post-petition; and (2) is beneficial to the Debtor's estate." *In re Lease-A-Fleet, Inc.*, 140 B.R. 840, 845 (Bankr. E.D. Pa. 1992).

9.   As to the first of these requirements, "[t]o be eligible for administrative expense priority, a post-petition transaction need not involve the exchange of money or formation of a

contract. . . . Indeed, a claimant's performance of a pre-petition contract, and a debtor's acceptance of that performance, can establish a post-petition transaction." *In re Goody's Family Clothing, Inc.*, 401 B.R. 656, 671 (D. Del. 2009) *aff'd sub nom. In re Goody's Family Clothing Inc.*, 610 F.3d 812 (3d Cir. 2010).

10. Because the Debtors ultimately accepted the benefits of the pre-petition service agreement post-petition, the expenses arose post-petition.

11. Concerning the second requirement, there is no question that the services provided a benefit to the Debtors in the operation of their businesses. Level 3 provided IP and data services to the Debtors. Given the modern workplace's dependency on connectivity, the Debtors would not have been able to continue operating without the assistance of Level 3.

12. Section 503(b)(1) is intended "to provide an incentive for creditors to continue doing business with a debtor and an incentive for others to engage in business transactions with the debtor." 4 *Collier on Bankruptcy*, 503.06[3][a] (16th ed. 2014). Level 3 acted in accordance with the policies behind the statute and provided critical support to the Debtors. This support enabled the Debtors to continue its operations by utilizing Level 3's IP and data services. The Court should approve the allowance and immediate payment of Level 3's administrative claims because doing so is consistent with the policy behind Section 503(b)(1).

[***REMAINDER OF PAGE LEFT INTENTIONALLY BLANK***]

WHEREFORE, Level 3 respectfully requests that the Court order the allowance and immediate payment of Level 3's administrative expense claim in the amount of $9,536.86, and grant such other and further relief as this Court may deem just and proper.

Dated:   August 18, 2017                **SHAW FISHMAN GLANTZ & TOWBIN LLC**

/s/ Johnna M. Darby
Johnna M. Darby (DE Bar No. 5153)
300 Delaware Ave., Suite 1370
Wilmington, DE 19801
Telephone: (302) 442-7627
E-mail: jdarby_@shawfishman.com

- and -

Edwin H. Caldie (Bar No. #0388930)
**STINSON LEONARD STREET LLP**
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota, 55305
Telephone:  612.335.1500
Facsimile:  612.335.1657


**ATTORNEYS FOR LEVEL 3 COMMUNICATIONS, LLC**