UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO. 16-11844 (KG) |
| LAST CALL GUARANTOR, LLC, et al, | Chapter 11<br>Jointly Administered |
| DEBTORS. | Hearing: Aug. 29, 2017 at 10:00 a.m. (ET) |

**LOCAL TEXAS TAX AUTHORITIES' OBJECTION TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § § 105(a), 305(a), 349, 363, 554, AND 1112(b), AND FED. R. BANKR. P. 1017(a) AND 6007 (a) DISMISSING DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

TO THE HONORABLE COURT:

NOW COME Bexar, Dallas, Harris and Tarrant Counties (jointly the "Local Texas Tax Authorities" or "Tax Authorities") and file their Objection to the Debtors' Motion for entry of an Order dismissing the Debtors' cases. In support of their Objection, the Tax Authorities would show the Court the following:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State. The Tax Authorities filed secured claims totaling approximately $21,000 for ad valorem taxes owed on the Debtors' personal property for the 2016 tax year.

The taxes of the Tax Authorities were secured with unavoidable liens on the Debtors' personal property superior to that of any other secured claimant pursuant to the Texas Constitution,

1

Article VIII, Section 15, and the Texas Property Tax Code § § 32 .01 and 32.05(b). See also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).   In order to resolve an objection by the Local Texas Tax Authorities, the Final Order Authorizing Debtors to: (A) Continue to Use Cash Collateral; (B) Incur Postpetition Debt; and (C) Grant Adequate Protection and Provide Security and Other Relief to Fun Eats and Drinks LLC, as Lender (dkt. No. 282), provided in paragraph 28 that $20,000 was to be set aside from the proceeds of the sale of the Debtors' assets in Texas to pay the claims of the Local Texas Tax Authorities.   These funds were authorized to be distributed to pay the taxes upon agreement between the Tax Authorities and the Debtors.   Further, the Debtors received authority to pay the taxes in the Final Order Authorizing (A) the Debtors to Pay Prepetition Taxes and Fees in the Ordinary Course of Business . . . (dkt. No. 170).

## II.

The claims of the Tax Authorities were incurred by the Debtors on January 1, 2016, and were due when billed in October 2016.   To date, Dallas County has been paid but Tarrant County is still owed for one account (two have been paid) and neither Harris County nor Bexar County have received any payments.   As of the petition date, on the unpaid accounts Bexar County is owed $5,250.49; Harris County is owed $4,316.38; and Tarrant County is owed $6,442.83, for a total of $16,009.70.   As allowed under 11 U.S.C. §§ 506(b) and 511, interest has accrued on these amounts at the rate of 1% per month.

III.

The Local Texas Tax Authorities object to the Debtors' motion requesting dismissal of these cases unless and until their tax claims are paid.   The motion requesting dismissal of the cases makes no mention of the status of the funds which were to be set aside to pay the tax claims, though the motion does address the status of the "Professional Fee Escrow".   Debtors assert they have "no assets available for distribution", which seems to indicate that funds were not segregated from the sale proceeds as agreed and ordered. To the extent other funds are not available to pay the secured claims of the Tax Authorities, they should be paid first from the Professional Fee Escrow, which is comprised of proceeds from the sale of their collateral, prior to any other party.   The Tax Authorities relied upon the protections in the financing order in making the decision not to object to the motion to approve the sale or their collateral. Other taxing authorities which objected received similar protections in the order approving the sale and presumably have been paid.   Debtors have no justification for paying some secured tax claims and not others.

WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Motion and request this Court to order appropriate provisions to assure the protection of the position of these secured tax creditors, and further request other and such relief as is just and proper.

3

Dated: August 23, 2017

        Respectfully submitted,

        LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

        BY:   /s/ Elizabeth Weller
                Elizabeth Weller
                Tex. Bar No. 00785514

        2777 N. Stemmons Fwy., Ste. 1000
        Dallas, TX 75207
        (469)221-5075 phone
        (469)221-5003 fax
        BethW@publicans.com email

        Counsel for the Local Texas Tax Authorities

## CERTIFICATE OF SERVICE

I hereby certify that this 23rd day of August, 2017, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon the parties set forth below via electronic mail as indicated.

        /s/ Elizabeth Weller
        Elizabeth Weller

Counsel for the Debtors:
Dennis Meloro at melorod@gtlaw.com
Nancy Mitchell at mitchelln@gtlaw.com
Nancy Peterman at petermann@gtlaw.com
Mathew Hinker at hinkerm@gtlaw.com
John Elrod at elrodj@gtlaw.com

Counsel to the DIP Lender and First Lien Agent:
Randall Klein at Randall.klein@goldbergkohn.com
Gregory Donilon at GDonilon@pwujlaw.com

Counsel to the Second Lien Agent:    Morton Branzburg at mbranzburg@klehr.com

Office of the U.S. Trustee:    Hannah McCollum at Hannah.mccollum@usdoj.gov