# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
LAST CALL GUARANTOR, LLC, *et al.*,[1]   :    Case No.  16-11844 (KG)
                                                :
     Debtors.                                   :    (Jointly Administered)
                                                :
                                                :    Hearing Date: August 29, 2017 @ 10:00 a.m. ET
                                                :    Objection Deadline: August 15, 2017 at 4:00 p.m. ET
                                                :         Extended to: August 28, 2017
                                                :
                                                :    Related to Docket No. 800
---------------------------------------------------------x

**OBJECTION OF BRIXMOR PROPERTY GROUP, INC. TO MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. § § 105(a), 305(a), 349, 363, 554 AND 1112(B) AND FED. R. BANKR. P. 1017(a) AND 6007 (A) DISMISSING DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

TO THE HONORABLE KEVIN GROSS,
UNITED STATES BANKRUPTCY JUDGE:

**BRIXMOR PROPERTY GROUP, INC.** ("Brixmor"), by and through its undersigned counsel, hereby makes this Objection (the "Objection") to *Motion of the Debtors for An Order Pursuant to 11 U.S.C. §§ 105(a), 305(a), 349, 363, 554 and 1112(b) and Fed. R. Bankr. P. 1017 (A) and 6007 (A) Dismissing Debtors' Chapter 11 Cases and (B) Granting Related Relief* (the "Motion") [D.I. 800] [2] and respectfully represents as follows:

   1. Brixmor is the owner or agent for the owner of the Marlton Plaza II shopping center ("Marlton") in which Debtors previously operated one of their Champps sports bar and casual family-dining restaurants pursuant to a written lease (the "Lease)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Last Call Guarantor, LLC, Last Call Holding Co. I, Inc. (3962), Last Call Holding Co. II, Inc. (8727), Last Call Operating Co I., Inc. (3541), Last Call Operating Co II., Inc. (8272), F&H Restaurants IP, Inc. (0107), Champps Restaurants IP, Inc. (3776), KS Last Call Inc. (1480), and MD Last Call Inc. (9190). The Debtors' business address is 19111 Dallas Pkwy, Unit 370, Dallas, TX 75287.

[2] Terms not otherwise defined herein relating to cure shall have the meanings ascribed to them in the Motion and other accompanying documents.

**Background**

2.	Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on August 10, 2016 (the "Petition Date"). Since the Petition Date, Debtors have been operating and managing their businesses as debtors-in-possession.  The Official Committee of Unsecured Creditors (the "Committee") was appointed on August 23, 2016. [D.I. 87]

3.	The Debtors filed a Motion on August 29, 2016 [D.I. 138], proposing to sell substantially all of the Debtors' assets, including Debtors' unexpired non-residential real property leases, pursuant to bidding procedures to be approved by this Court (the "Sale").  The bidding procedures (the "Bidding Procedures") were approved by Order dated September 1, 2016 (the "Bid Procedures Order") [D.I. 183].

4.	On September 21, 2016, the Debtors filed their *Notice of Successful Bidder and Backup Bidder* [D.I. 292] identifying Fun Eats and Drinks LLC ("FEAD") as the Successful Bidder and DW Value Master Fund, Ltd. as the Backup Bidder at the auction that occurred on September 20, 2016.

5.	On September 29, 2016 the Court entered the *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (II) Approving the Final Asset Purchase Agreement; (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (IV) Approving the Designation Rights and Procedures Related Thereto; and (V) Granting Related Relief* (the "Sale Order") [D.I. 397].  The sale of Debtors' assets closed on October 5, 2016. [D.I. 420]

6. The Debtors allege, at ¶ 10 of the Motion:

The Debtors believe that all known administrative expenses, other than professional fees, have either been paid in full or will be paid in full prior to the hearing on this Motion through financing or other funding from the Purchaser, including from the Winddown Cash.

7. Contrary to Debtors' assertion, Brixmor has not received payment of the stub rent due under its Marlton Lease in the amount of $21,834.30, which amount is an administrative expense of Debtors' estate. (See Exhibit "A" attached hereto and made a part hereof). Upon information and belief, most other landlords similarly situated have received their stub rent payments.

8. Upon information and belief, payment of the stub rent due under Debtors' leases was negotiated to be paid for all leases that were rejected. The Marlton Lease was rejected on or about August 31, 2016. Nevertheless, Brixmor has not received payment of the amount due as set forth above.

9. It would be inequitable to allow Debtors' Chapter 11 proceedings to be dismissed in circumstances where certain administrative claims have been preferred over other such claims.

10. Brixmor requests that Debtors be ordered to pay the aforesaid sum prior to the Motion being granted dismissing Debtors' cases. In the event that sufficient funds are not available for such payment then Debtors should be required to use the powers of this Court to compel disgorgement of sufficient funds from other administrative claimants such that Brixmor's claim will be paid *pro rata* with similarly situated claimants.

**Joinder in Other Objections**

11.     Brixmor hereby joins in the objections filed by Debtors' other landlords and creditors to the extent that such objections are not inconsistent with the provisions hereof.

WHEREFORE, Brixmor respectfully requests that the Court enter an order consistent with the foregoing objections; and for such other and further relief as may be just and proper under all of the circumstances.

Dated: August 25, 2017  
Wilmington, Delaware

Respectfully submitted,

*/s/ Leslie C. Heilman*  
Leslie C. Heilman, Esquire (No. 4716)  
BALLARD SPAHR LLP  
919 N. Market Street, 11th Floor  
Wilmington, DE 19801  
Telephone: (302) 252-4465  
Facsimile: (302) 252-4466  
E-mail:  heilmanl@ballardspahr.com

and

David L. Pollack, Esquire  
BALLARD SPAHR LLP  
51st  Fl - Mellon Bank Center  
1735 Market Objecting Landlords  
Philadelphia, Pennsylvania  19103  
Telephone: (215) 864-8325  
Facsimile: (215) 864-9473  
Email: pollack@ballardspahr.com

*Attorneys for Brixmor Property Group, Inc.*