# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LAST CALL GUARANTOR, LLC, *et al.*,[1] | Case No. 16-11844 (KG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: September 22, 2017, 2017 at 10:00 a.m.**<br>**Objection Deadline: September 15, 2017 at 4:00 p.m.** |

## EPIQ SYSTEMS, INC. MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

Epiq Systems, Inc. ("Epiq") hereby moves this Court for entry of an order for allowance and immediate payment of its administrative expense claim under 11 U.S.C § 503(b)(1)(A), in the amount of $152,175.69 (the "Motion"). In support of this Motion, Epiq respectfully states as follows:

### BACKGROUND

1. On August 10, 2016 (the "Petition Date"), Last Call Guarantor, LLC, et al. (collectively the "Debtors") filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code.

2.     The Debtors are operating their businesses and maintaining their assets as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are:  Last Call Guarantor, LLC, Last Call Holding Co. I, Inc. (3962), Last Call Holding Co. II, Inc. (8727), Last Call Operating Co I., Inc. (3541), Last Call Operating Co II., Inc. (8272), FHR IP, Inc. (0107), CR IP, Inc. (3776), KS Last Call Inc. (1480), and MD Last Call Inc. (9190).  The Debtors' business address is 19111 Dallas Pkwy, Unit 370, Dallas, TX 75287.

3. Epiq was employed to act as claims and noticing agent in these Chapter 11 cases pursuant to an order entered by this Court on August 12, 2016 [D.I. 38] (the "Epiq 156 Retention Order").

4. Epiq was employed to represent the Debtors as administrative advisor in connection with these chapter 11 cases, pursuant to an order entered by this Court on September 22, 2016 [D.I. 310] (the "Epiq 327 Retention Order").[2]

5. Pursuant to the Epiq 156 Retention Order, the Debtors are authorized to compensate Epiq in accordance with the terms of its engagement agreement and to reimburse Epiq for all reasonable and necessary expenses it may incur without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

6. Pursuant to the Epiq 156 Retention Order, the fees and expenses of Epiq under the Epiq 156 Retention Order are an administrative expense of the Debtors' estates section 503(b)(1)(A) of the Bankruptcy Code.

7. During the course of the administration of this estate, Epiq invoiced these post-petition services in accordance with the Epiq 156 Retention Order (the "Invoices"). True and correct copies of the unpaid Invoices are attached hereto as Exhibit A and incorporated herein by reference.

9. Epiq is owed $152,175.69 on account of unpaid amounts due under the Invoices.

---

[2] Epiq is also owed $3,533.85 on account of unpaid services performed pursuant to the Epiq 327 Retention Order. Such services detailed in the First Monthly Fee Application of Epiq Bankruptcy Solutions LLC, as Administrative Advisor to the Debtors and Debtors-In-Possession for Allowance of Compensation and Reimbursement of Expenses for the Period From August 10, 2016 Through September 31, 2016 [D.I. 489]. Epiq intends to file a separate fee application seeking final approval of amounts owed under the Epiq 327 Retention Order.

## RELIEF REQUESTED

10.     By this Motion, Epiq requests entry of an order in the form attached hereto as Exhibit B, pursuant to 11 U.S.C. § 503(b)(1)(A), for allowance of and immediate payment to Epiq of administrative expenses in the amount of $152,175.69, representing unpaid post-petition services provided under the Epiq 156 Retention Order.

## BASIS FOR RELIEF REQUESTED

11.     Section 503(b)(1) of the Bankruptcy Code provides in relevant part: (b) After notice and hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including— (1)(A) the actual necessary costs and expenses of preserving the estate. . . .

12.     "[A]n administrative claim will be allowed [under Section 503(b)(1)] when the expense (1) arises post-petition; and (2) is beneficial to the Debtor's estate." In re Lease-A-Fleet, Inc., 140 B.R. 840, 845 (Bankr. E.D. Pa. 1992).

13.     The services provided by Epiq under the Epiq 156 Retention Order were provided on a post-petition bases and were necessary and beneficial to the administration of the Debtor's estate.

WHEREFORE, Epiq respectfully requests that the Court order the allowance and immediate payment of Epiq's administrative expense claim in the amount of $152,175.69 and grant such other and further relief as this Court may deem just and proper.

Dated: August 28, 2017

Bradley J. Tuttle
Vice President and Senior Managing Consultant
EPIQ SYSTEMS, INC.
777 Third Avenue
Twelfth Floor
New York, New York 10017