IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LAST CALL GUARANTOR, LLC, *et al.*,[1] | Case No. 16-11844 (KG) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 800** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), 349, 363, 554, AND 1112(b) AND FED. R. BANKR. P. 1017(a) and 6007: (A) DISMISSING DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 305(a), 349, 363, 554, and 1112(b) of the Bankruptcy Code and Bankruptcy Rules 1017(a) and 6007: (a) dismissing the Chapter 11 Cases, and (b) granting related relief, including, without limitation, (i) authorizing, but not directing, the Debtors to abandon any remaining assets, (ii) authorizing, but not directing, the Debtors to abandon, destroy or turnover to the Purchaser (defined below), if agreed to by Purchaser, any and all Books and Records, (iii) approving procedures for filing and approving final fee applications and providing for payment of approved fees, and (iv) directing the Debtors to be dissolved; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b) and the *Amended Standing Order*; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Last Call Guarantor, LLC, Last Call Holding Co. I, Inc. (3962), Last Call Holding Co. II, Inc. (8727), Last Call Operating Co I., Inc. (3541), Last Call Operating Co II., Inc. (8272), FHR IP, Inc. (0107), CR IP, Inc. (3776), KS Last Call Inc. (1480), and MD Last Call Inc. (9190). The Debtors' business address is 19111 Dallas Pkwy, Unit 370, Dallas, TX 75287.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ATL 22332462v2

§ 157(b)(2) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient; and the Court having conducted a hearing on the Motion at which time all parties in interest were given an opportunity to be heard; and any objections filed with respect to the Motion having been withdrawn or overruled by the Court or resolved by the terms of this Order; and after due deliberation and sufficient cause appearing therefor; **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is GRANTED as set forth herein.

2. A final omnibus fee hearing will be held on [Dec. 28], 2017 at [10:00] [a].m. (prevailing Eastern Time) (the "**Final Fee Hearing**"). Not later than twenty (21) days prior to the Final Fee Hearing, all Professionals retained in the Chapter 11 Cases shall file final requests for allowance and payment of all fees and expenses incurred during the Chapter 11 Cases (the "**Final Fee Applications**") in accordance with the Bankruptcy Code, the Bankruptcy Rules, the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware*, and the *Administrative Order Establishing Procedures for Final, Interim, and Monthly Compensation and Reimbursement of Expenses of Professionals Retained in these Chapter 11 Cases and Reimbursement of Expenses of Committee Members Appointed in these Chapter 11 Cases* [D.I. 308] so as to be heard at the Final Fee Hearing. Any objections to the Final Fee Applications shall be filed and served on counsel for the Debtors, counsel for the Committee and on the Professional whose fees are being objected by 4:00 p.m. (prevailing Eastern Time) on [Dec. 15], 2017.

3. As soon as is practicable after the Final Fee Hearing, the Debtors shall file a certification of counsel (a "**Certification**"), substantially in the form attached hereto as **Exhibit 1**, that, among other things, certifies (i) the Debtors have paid all quarterly fees of the

U.S. Trustee have been paid in full and (ii) the Professionals have been paid the agreed upon amounts for their respective allowed fees and expenses from the Professional Fee Escrow.

4. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Debtors' Chapter 11 Cases shall be dismissed effective upon the filing of the Certification, and the Clerk of the Court is directed to note such dismissal on each of the Debtors' dockets.

5. The Certification and this Order may be served on the general service list established in these Chapter 11 Cases, including the U.S. Trustee; provided that, the Debtors need not send the Certification and Order to the Debtors' entire matrix of creditors and parties-in-interest, as such parties received reasonable notice of the proposed dismissal through notice of the hearing on the Motion.

6. Notwithstanding section 349 of the Bankruptcy Code, all agreements, stipulations, settlements, rulings, orders and judgments approved by or entered by this Court in the Chapter 11 Cases on or before the filing of the Certification and dismissal of the Debtors' Chapter 11 Cases (including, but not limited to, the Sale Order) shall remain in full force and effect (including, without limitation, any releases, injunctions and successor liability provisions provided for in the Sale Order) and shall survive the dismissal of the Chapter 11 Cases. In addition, any payments made during these Chapter 11 cases shall not be challenged by any persons or entities, including, without limitation, any such payments made in accordance with such agreements, stipulations, settlements, rulings, orders and judgments approved by or entered by this Court, including, without limitation, payments made to the Debtors' professionals, Committee's professionals and the Debtors' sole director and restructuring manager.

7. Greenberg Traurig, LLP is directed to wire transfer $29,351 to Epiq Systems, Inc. from the Professional Fee Escrow within five (5) days of entry of this Order, which

ATL 22332462v2

amount shall be a partial payment of the remaining amounts due and owing by the Debtors to Epiq Systems, Inc.

8. Upon filing of the Certification, the Debtors shall remit all Winddown Cash to the Purchaser, net of any outstanding checks, wires, other debits or amounts that remain due and owing to Epiq Systems, Inc.

9. Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to abandon any remaining assets. In addition, the Debtors are authorized, but not directed, to abandon, destroy or turnover to the Purchaser any and all Books and Records provided that if the Debtors elect to turnover such Books and Records to Purchaser, Purchaser must agree to such turnover. If the Debtors elect to destroy any Books and Records, the Debtors shall provide ten (10) days written notice to Purchaser and Purchaser's counsel via electronic mail of such proposed destruction, which ten (10) day notice period shall begin to run from the date that the electronic mail is sent. If Purchaser wishes to copy such Books and Records prior to the disposal or to accept turnover of such Books and Records, Purchaser must provide written notice of such election to the Debtor and its counsel via electronic mail prior to the expiration of the ten (10) day notice period.

10. Effective immediately upon the filing of the Certification and the dismissal of the Debtors' Chapter 11 Cases, without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors, managers, stockholders, or members, as applicable, of the Debtors, each of the Debtors' officers, directors, and managers shall be deemed to have resigned, the Debtors shall be deemed dissolved and the business and affairs of the Debtors shall be deemed wound up, pursuant to applicable

state law. No further action shall be required to wind up the affairs of any Debtor in accordance with applicable state law.

11. Effective immediately upon the filing of the Certification and the dismissal of the Debtors' Chapter 11 Cases, each Debtor is authorized, but not required, to execute and file all documents necessary and proper to effectuate and consummate their dissolution and/or cancellation, as applicable, in accordance with applicable state law, including, without limitation, a certificate of dissolution or a certificate of cancellation, as applicable, and the Debtors shall not be required to pay any taxes or fees in order to cause such dissolution and/or cancellation. Each officer, director or manager, as applicable, of such Debtor be, and hereby is, authorized, but not required, to do and perform all such acts and things, to execute, deliver and file (or cause the filing of) such documents and certificates, including, without limitation, a certificate of dissolution or a certificate of cancellation, as applicable, and to take such other steps as may be necessary, convenient or desirable to carry out the dissolution and/or cancellation of such Debtor.

12. Effective immediately upon the filing of the Certification and the dismissal of the Debtors' Chapter 11 Cases, the Debtors' retention of Greenberg Traurig LLP as bankruptcy counsel shall be terminated without the need for further action on the part of this Court, the Debtors, or Greenberg Traurig.

13. Subject to any prior Orders of this Court, nothing herein shall constitute a waiver, dismissal or release of, any and all rights and remedies or defenses that Unified Merchant Services may have against any party to the October 22, 2007 Merchant Services Agreement or any other agreement related to servicing, processing, investigation or remediation of the systems used for Visa and MasterCard transactions conducted at the Debtors' locations.

ATL 22332462v2

14. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

15. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

Dated: ~~Dec.~~ November 8, 2017

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE